# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| Ricky Schrimpf<br>1312 Hawthorne Ave<br>Two Rivers, WI 54241<br><br>And<br><br>Wendy Schrimpf<br>1312 Hawthorne Ave<br>Two Rivers, WI 54241<br><br>    Plaintiffs,<br><br>v.<br><br>Resurgent Capital Services, LP<br>c/o CT Corporation System, Registered Agent<br>8040 Excelsior Dr, Suite 200<br>Madison, WI 53717<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

3. Plaintiffs incurred a "debt" as defined by 5 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

7. On or around May 30, 2009, Plaintiffs retained an attorney to file a chapter 7 bankruptcy.

8. On or around July 9, 2009, Plaintiffs' bankruptcy attorney sent Defendant written notice of Plaintiffs' representation via facsimile.

9. This facsimile also instructed Defendant to cease further communications with Plaintiffs.

10. Despite this notice, Defendant mailed Plaintiffs a letter seeking payment of the debt on or around August 19, 2009.

11. Despite this notice, Defendant telephoned Plaintiffs on numerous occasions throughout July and August 2009.

12. During at least one of these communications, Defendant acknowledged that Defendant already had received the facsimile from Plaintiffs' bankruptcy attorney, but falsely represented that Defendant could continue to call Plaintiffs until Plaintiffs received a case number from the bankruptcy court.

13. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

14. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

15. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

16. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiffs notwithstanding Plaintiffs' notice that Plaintiffs were represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

17. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiffs notwithstanding its receipt of written cease and desist instructions.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiffs.

## JURY DEMAND

21. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

22. Plaintiffs pray for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Timothy J. Sostrin
    Timothy J. Sostrin
    233 S. Wacker Dr., Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Fax: 312-822-1064
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff